PARKER, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.

---

[No. 16209.    Department Two.    July 12, 1921.]

HOWARD PARKER et al., *Appellants*, v. ANNIE C. PARKER, *Respondent.*[1]

TRIAL (149-1)—TRIAL BY COURT—DECISION. An order of the court, granting a new trial in an action tried without a jury after delivering an oral opinion in favor of one of the parties, was in legal effect simply the reopening of the case for further proof for the benefit of both parties; since under Rem. Code, § 367, in the trial of an issue of fact by the court, its findings, conclusions and judgments must be in writing, and under Id., § 402, the party moving for new trial must, within two days after notice in writing of the decision of the court, file and serve his motion for a new trial.

Appeal from an order of the superior court for King county, Hall, J., entered August 16, 1920, upon granting defendant's motion for a new trial, in an action on promissory notes. Remanded.

*Million & Houser* and *J. L. Corrigan,* for appellants.

*Shank, Belt & Fairbrook* (*G. P. Haight,* of counsel), for respondent.

MITCHELL, J.—This is an action at law to recover on two promissory notes. The answer denied generally the allegations of the complaint and pleaded several affirmative defenses. Trial was had by the court without a jury. At the conclusion of the introduction of the testimony, the court delivered an oral opinion in favor of the plaintiffs. Defendant moved for a new trial for the reasons: (1) insufficiency of the evidence

[1]Reported in 199 Pac. 723.

to justify the decision, and that the same is contrary to law; and (2) error in law occurring at the trial and excepted to at the time by the defendant. The clerk's docket entry shows "defendant's motion for a new trial is granted." There were no findings of fact or conclusions of law given in writing by the trial court and filed with the clerk; nor was there any formal order granting the motion for a new trial signed by the judge and filed with the clerk.

The plaintiffs have appealed and have assigned as error the granting of defendant's motion for a new trial. Section 367, Rem. Code, provides:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

Section 368, Rem. Code, provides:

"The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason, as far as applicable, and a new trial granted."

Section 402, Rem. Code, in part, provides:

"The party moving for a new trial must, within two days after the verdict of a jury, if the action was tried by a jury, or two days after notice in writing of the decision of the court or referee, if the action was tried without a jury, file with the clerk, and serve upon the adverse party, his motion for a new trial, designating the grounds upon which it will be made . . ."

In the case of *Russell v. Schade Brewing Co.*, 49 Wash. 362, 95 Pac. 327, it was pointed out: " . . . particularly in view of our statute, a distinction must be made between a mere opinion of a trial court and its

decision." A trial court is at liberty, after an oral opinion, upon further reflection to change its views upon the facts or law or both, for the purpose of a decision which the statute requires to be given in writing and filed with the clerk.

In the case just cited, it was held that written findings are necessary under the statute in actions at law tried by the court without a jury, manifestly, as stated in the opinion, because there is no verdict, so-called, until the findings have been given in writing and filed with the clerk. It is plain therefore, since a motion for a new trial follows a verdict of a jury or a decision, by a court in an action at law tried without a jury and that there were no findings of fact or decision given in writing and filed with the clerk in this case, that the legal effect of the court's action, as shown by the docket entry that the motion for a new trial was granted, was simply to reopen the case for further proof for the benefit of both parties. It was but the exercise of power inherently and necessarily lodged in the court, at that stage of the trial.

Remanded with instructions to proceed accordingly.

PARKER, C. J., MAIN, and TOLMAN, JJ., concur.